NO 7979.                        STATE OF LOUISIANA

ORTMAN W. CRAWFORD

         VS                     COURT OF APPEAL

W. D. HINES, DIRECTOR GENERAL
ETC?                            PARISH OF ORLEANS

_____

7979

## OPINION.

St. Paul, Judge.

This is an action for the value of a horse killed by a railroad train. Under the provisions of act 70 of 1886 the burden of proof is on the defendant to show "that the killing ### or injury was not the result of fault or carelessness on their part" This however does not mean that railroad companies are insurers of the stock which may be killed by their trains; and it suffices if they show that they have exercised such caution and vigilance as due regard for the rights of others would require under the circumstances of each case. Mongogna vs Illinois Central R. R. Co, 115 La 595.

The trial judge thought that the testimony of a single witness would not suffice to establish a defense under the act. But aside from the fact that we find two witnesses, we cannot accept this proposition as sound in law; for neither this statute nor any other fixes the number of witnesses necessary to establish any fact unless it be a contract involving more than $500 (C. C. 2277), or a claim against a deceased person brought more than one year after the decease. (Act 207 of 1906). Hence no court can fix any such arbitrary standard; and a witness is Neither to be believed or not believed.

The testimony of the engineer, who is coroborated by the fireman, is to the effect that he saw the horse near the track and apparently in a position of danger; whereupon he slowed down until his train was under complete control. But that on arriving within about 50 feet he saw that the animal was on the outside of a short rail, with a rope around his neck and apparently tied. Whereupon he thought it safe to proceed; but in point of fact the horse was not tied, and came around the rail, backing into the rear end of the "tender".

We are of opinion that the conduct of the engineer was not negligent. When the horse seemed in a position of danger, he took the proper steps to avoid an accident; and when there seemed no further danger, he then went forward. We have twice already held that since it is the duty of an engineer or motorman to keep a lookout "forward", he has performed his full duty when he passes safely the apparent point of danger, and cannot be held responsible for what occurs behind his back. Scariana vs Railway Co, 14 Orleans App. 16; Laing vs Railroad Co, 10 Court of App 96. Nor can he be held responsible when something wholly unexpected happens even ahead of him. Bensburg vs Terminal Co, 11 Orleans App. p. I.

In the case at bar the engineer had reached a point where the animal was apparently safe even if it had not appeared to be tied; and the engineer was justified in going forward, unless we are prepared to hold that he should have descended from his train to drive the animal to some undefined distance from the track; which we are not prepared to hold. We think the accident was unfortunate but unavoidable.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiffs demand be rejected at his cost in both courts.